**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10415 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:17-cr-00045-HDM-WGC-1 |
| DERRICK JOSEPH RADY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted December 6, 2019[**]
San Francisco, California

Before: SILER,[***] BYBEE, and R. NELSON, Circuit Judges.

Derrick Rady pled guilty to one count of sexual exploitation of a minor and

one count of distribution of child pornography. The district court imposed a forty-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

year sentence. Rady appeals, arguing that (1) his plea was not knowing, voluntary, and intelligent and (2) resentencing, which the Government concedes is required due to the district court's reliance on an erroneous presentence report calculation, should be handled by a different district court judge.

We begin by addressing Rady's argument that his guilty plea was not knowing, voluntary, and intelligent because the district court "[(1)] misled . . . [him] about the likelihood of consecutive sentences, [(2)] failed to explain the Guidelines, . . . [(3)] gave inconsistent statements about the maximum sentence possible," and (4) committed other violations under Rule 11. We review each of Rady's arguments for plain error and, under the totality of the circumstances, find that Rady failed to carry his burden to show that but for the errors committed by the district court, he would not have pled guilty.

With respect to Rady's first argument, the district court specifically advised Rady that while it was "not likely" that the court would impose consecutive sentences for Count 1 and Count 2, consecutive sentences was "a possibility." Doing so was not error.

Rady's second argument that he was confused about the maximum sentence he faced is also meritless. Although there was some confusion created by the interplay of the maximum allowable sentence under the Sentencing Guidelines (life imprisonment) and the statutory maximum (fifty years), the transcript shows

that Rady understood he was facing a maximum of fifty years of imprisonment:

– THE COURT: And can you tell me again what the maximum sentence is under the statute?

– THE DEFENDANT: Life, or 50 years.

– THE COURT: Fifty years?

– THE DEFENDANT: Yes, sir.

– THE COURT: With the 30 years and the 20 years; is that correct?

– THE DEFENDANT: Yes, sir.

Looking at the totality of the circumstances under plain error review, we conclude that Rady's guilty plea was knowing and voluntary.[1]

Because the Government concedes that vacatur of the sentence and remand for resentencing is required (due to the district court's erroneous application of the sentencing enhancement), we must also address Rady's argument that resentencing should be handled by a different district court judge. "Remand to a different judge is not the usual remedy when error is found in district court proceedings. Remand to a new judge is reserved for unusual circumstances." *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir. 1979) (internal quotation marks and citation omitted).

Rady fails to carry his burden to show unusual circumstances. He argues

---

[1] The other arguments raised by Rady regarding the district court's Rule 11 violations do not merit reversal under plain error review.

3

that Judge McKibben is biased because, at the tail end of the sentencing hearing, Judge McKibben stated that he would "indicate that if, for any reason, legally, the Court cannot . . . [impose a partially concurrent and partially consecutive sentence], then the sentence would be consecutive on both Count One and Count Two." But a review of the transcript in its entirety shows that Judge McKibben engaged in a thoughtful and balanced attempt to craft a sentence that complied with 18 U.S.C. § 3553. Furthermore, no challenge has been raised to Judge McKibben's ability to impose a partially concurrent, partially consecutive sentence. Thus, the predicate for the bias Rady asserts is missing.[2]

Accordingly, we **AFFIRM** the district court's conclusion that Rady's plea was knowing, voluntary, and intelligent, **VACATE** the sentence imposed, and **REMAND** this case to Judge McKibben for resentencing.

---

[2] Because we vacate Rady's sentence, we do not address his arguments regarding the reasonableness and constitutionality of the Special Conditions of Supervised Release imposed by the district court.